**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-24780-BB

PRINCE A. TRINIDAD,

Plaintiff,

v.

FLORIDA DEPARTMENT OF
REVENUE, *et al.*,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court on Plaintiff Prince A. Trinidad's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 6), his Emergency Motion for Preliminary Injunction and Temporary Restraining Order, (ECF No. 9), and his Emergency Motion for Immediate Restraining Order based upon suspected retaliatory aerial surveillance, (ECF No. 17). These several motions were referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, to issue reports and recommendations thereupon. (ECF No. 22). Upon review of the record in its entirety, and being well advised in the premises, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and his operative Second Amended Complaint be **DISMISSED**, without prejudice. Relatedly, I recommend that the Motions for injunctive relief be denied, as explained below.

## I. BACKGROUND

Plaintiff initiated this action on July 13, 2026, with the filing of a complaint against numerous defendants: Florida state agencies, the Eleventh Judicial Circuit Court of Florida, Family

Court Division, officials and judges acting on behalf of the named government entities, Flock Group, Inc., and a series of unnamed individuals. *See* (ECF No. 1). Plaintiff has twice amended his complaint since the case was opened. (ECF Nos. 5, 10). He complains of a "systematic, multi-party, multi-agency deprivation of [his] constitutional rights spanning from 2012 through the present in connection with child support enforcement proceedings" currently pending in Miami-Dade County, Florida.

The operative Second Amended Complaint, (ECF No. 10), sets forth only portions of the allegations and claims Plaintiff apparently intends to bring, purporting to incorporate by reference the allegations and claims asserted in Plaintiff's prior complaints. This is improper under federal law and this District's Local Rules. *See Hollis v. Western Academy Charter, Inc.*, 782 F. App'x 951, 958 (11th Cir. 2019); S.D. Fla. L.R. 15.1 ("Any amendment to a pleading . . . must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). The scope of the Court's review is properly limited to the operative Second Amended Complaint alone. *Id.* (citations omitted); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219–20 (11th Cir. 2007). Notwithstanding, solely for purposes of providing the background necessary to recommending disposition of the instant Motions, the undersigned has reviewed Plaintiff's several pleadings in tandem and summarizes their allegations collectively below.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. He has asserted claims arising under the Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution, as well as state law tort claims. The Second Amended Complaint asserts only violations of the Fifth and Fourteenth Amendments, resulting from the state court's having allegedly "fabricat[ed] court records or falsely characterize[ed] proceedings" and from the fact that the state court proceedings have remained pending notwithstanding his filing of the instant action in federal court and contention that the state court proceedings are void *ab initio*. Plaintiff conceives

of the state proceedings' continuation as an ongoing due process violation under the Fourteenth Amendment. Plaintiff initially sought compensatory damages, punitive damages, declaratory relief, and injunctive relief. (ECF Nos. 1 at 5, 5 at 18–19). He purports to incorporate these requests for relief into his Second Amended Complaint, which otherwise seeks only injunctive relief, by reference. (ECF No. 10 at 9–10).

Common deficiencies require denial of Plaintiff's several motions. The undersigned recommends the denial of each in turn.

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 6)

When a person moves to proceed without prepayment of fees, the Court must "dismiss the case at any time if the court determines" that the complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Although "detailed factual allegations" are not required, a complaint must provide "more than labels and conclusions." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). A complaint's factual "allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I begin by noting that the Second Amended Complaint is a shotgun pleading, violative of Federal Rule of Civil Procedure 8(a)(2). The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" type of shotgun pleading is one that contains "multiple counts where each count adopts the allegations of all preceding counts,

causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief." *Id.* at 1322–23. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

The Second Amended Complaint, even when read alongside Plaintiff's prior pleadings, is a shotgun pleading that fails to meaningfully explain what facts purportedly support which claims for relief against which Defendants. It purports to incorporate numerous factual allegations contained in Plaintiff's prior, now superseded Amended Complaint and Complaint, (ECF Nos. 5, 1). The operative pleading purports to "supplement[] and expand[] upon" allegations once made but no longer operative. This it may not do. *See Ruiz v. City of Miami Beach*, No. 25-CV-22822, 2025 WL 2346805, at *1 n.3 (S.D. Fla. July 7, 2025); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (marks omitted).

Moreover, Plaintiff's allegations are overwhelmingly stated in conclusory and unclear terms. While upon review the Court is capable of discerning some of the conduct complained of and connecting certain of the defendants named in Plaintiff's Second Amended Complaint and prior pleadings to such conduct, this represents the exception rather than the rule. Plaintiff's pleadings do not set forth, in a comprehensible manner, the non-conclusory factual underpinnings that, taken as true, would enable the Court to infer that his constitutional rights have in fact been violated.

More detrimentally, the facts that are discernably pled would implicate the *Younger* abstention doctrine. Under the *Younger* doctrine, federal courts may abstain from cases "involving pending state criminal prosecutions," "pending civil proceedings that are akin to a criminal prosecution," and "strictly civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009) (internal citations omitted).

The Eleventh Circuit has encouraged abstention in cases that, as here, challenge the constitutionality of contempt hearings in child support enforcement proceedings. *See, e.g.*, *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) (noting several problems that would arise "if the federal district court were to arrogate to itself the role of overseer of [defendant County's] child support enforcement proceedings," and affirming denial of claims for equitable relief against individual defendant judges and state agency officials); *Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020) (affirming dismissal of plaintiff's section 1983 suit filed in "an attempt to enjoin an ongoing child custody dispute—a strictly state court civil proceeding"). Plaintiff's several complaints, including the one now before the Court, explicitly request that the Court disrupt pending state court proceedings related to Plaintiff's child support obligations; this is indeed the basis for Plaintiff's referred Emergency Motion for Preliminary Injunction and Temporary

Restraining Order, (ECF No. 9), which asks that this federal district court both stay a state court sanctions hearing set for September 16, 2026 and bar the enforcement of an order imposing child support obligations upon him. *Pompey* and its progeny expressly counsel the Court not to entertain such claims.[1] *See Raheem v. Dep't of Revenue CSE*, No. 18-cv-743, 2019 WL 13546156, at *11 (M.D. Fla. Aug. 16, 2019) ("[T]his Court has continued to apply *Younger* abstention to claims relating to child-support proceedings.") (citation omitted), *report and recommendation adopted*, 2019 WL 13546157 (M.D. Fla. Sept. 17, 2019). Plaintiff's federally grounded arguments against the continued imposition of child support obligations upon him should be raised, if at all in state court.

Because the Second Amended Complaint fails to state a claim on which relief may be granted in this Court, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 6), be **DENIED**.

**B. Plaintiff's Motions for Injunctive Relief, (ECF Nos. 9, 17)**

There is the additional matter of Plaintiff's motions requesting the issuance of injunctive relief. For the reasons set forth above, the undersigned recommends that these also be denied.

Federal Rule of Civil Procedure 65(b) governs the issuance of temporary restraining orders. Under the Rule, the issuance of an *ex parte* TRO requires, as one condition, that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In order to obtain a temporary restraining order or preliminary injunction, a plaintiff

[1] The Second Amended Complaint correctly notes that exceptions to the *Younger* doctrine exist. These include cases in which: (1) there is evidence that the state proceedings are motivated by bad faith; (2) there is no adequate alternative state forum where the constitutional issues could have been raised; (3) the state law being challenged is patently unconstitutional; or (4) more generally, a federal injunction is necessary to prevent great and irreparable injury. *Narciso*, 811 F. App'x at 602 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Yet Plaintiff neither alleges non-conclusory facts nor advances evidence permitting the Court to infer that any such exception has been met in this case. *See* (ECF No. 10 at 6).

must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Howell-Fedorov v. Bank of Am., N.A.*, No. 25-cv-80879, 2025 WL 1948988, at *2 (S.D. Fla. July 16, 2025) (citing *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010); *see Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005)). A movant must "clearly establish" all four elements. *Café 207, Inc. v. St. Johns Cnty.*, 989 F.2d 1136, 1137 (11th Cir. 1993). Where a movant fails to meet its burden to satisfy one element, the Court need not analyze the remaining elements. *Id.*; *Howell-Fedorov*, 2025 WL 1948988, at *4.

A temporary restraining order or preliminary injunction is "an extraordinary and drastic remedy" which a court should grant only when the movant clearly carries the burden of persuasion as to each of the four prerequisites. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *ACLU v. Miami-Dade Cnty.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (internal citations omitted).

Courts in this Circuit often consider jurisdictional issues in analyzing a movant's likelihood of success on the merits of his claims. *See Rodriguez v. Ridge*, 310 F. Supp. 2d 1242, 1244–45 (S.D. Fla. 2004) (denying motion for preliminary injunction where subject matter jurisdiction was lacking because the statute the plaintiff sued under did not create a cause of action in federal court); *Liberty Media Holdings, LLC v. Letyagin*, No. 11-62107, 2011 WL 13217328, at *3 (S.D. Fla. Dec. 14, 2011) (denying motion for TRO where Plaintiff failed to show "that Defendant's conduct can, in line with the Constitution, subject it to jurisdiction in this forum"); *Werner v. Gordon & Partners, P.A.*, No. 23-81139-CV, 2023 WL 9472291, at *3 (S.D. Fla. Sept. 12, 2023) (denying motion for preliminary injunction where plaintiff "failed to meet the heavy burden of demonstrating [*inter alia*,] a likelihood of success on the merits—especially as to the Court's

subject matter jurisdiction [. . .]”).

As discussed above, Plaintiff’s claims have been both deficiently pled and appear to fall within the core of the *Younger* abstention doctrine. These considerations severely undermine Plaintiff’s showing of a substantial likelihood of success on his claims.

So too are the two injunctive relief motions’ allegations of irreparable harm speculative. In his first motion, (ECF No. 9), Plaintiff asks the Court to enjoin a hearing on “Pending Purge and Further Sanctions” scheduled for September 16, 2026 in state court. The motion states that the hearing poses an imminent risk of effecting irreparable harm, but explains only that the hearing “will address: (a) whether to impose the $2,000.00 purge that formed the basis of Plaintiff’s [allegedly] unlawful July 5 arrest; and (b) ‘further sanctions.’” (*Id.* at 4). The potential for imposition of sanctions, pursuant to an otherwise procedurally proper hearing, does not amount to irreparable harm.

Plaintiff’s second injunctive relief motion, (ECF No. 17), likewise speculates that a helicopter Plaintiff has observed flying over his home on August 14, 2026 was surveilling him. (ECF No. 17 at 2). Plaintiff contends that he is being surveilled in retaliation for serving a litigation hold notice on the Miami-Dade Sheriff’s office days prior. (*Id.*). He advances in support of his request for injunctive relief photographs he took of a helicopter hovering above him. The Motion argues that the surveillance by a helicopter “operated by or associated with” the Miami-Dade Sheriff’s Office” is intended to intimidate him and dissuade his pursuit of this lawsuit. To his credit, he reports he is “not deterred.”

The Motion is premised on speculation that the helicopter over his home on August 14, 2026 was even related to the Sheriff’s Office, much less sent to intimidate or surveil him. Nor does the Motion relate to any existing claim as the complaint is pled; it travels on a wholly-new theory of wrong doing, by a defendant who has not even been served with the operative complaint as of

yet. The Motion is facially insufficient and due to be denied.

For the reasons explained above, the Court recommends that Plaintiff's Motions seeking injunctive relief, (ECF Nos. 9, 17), be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). Response, if any, to filed objections are due within **SEVEN (7) DAYS** of service of the objections.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 10th day of September, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE