**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24780-BLOOM/Louis**

PRINCE A. TRINIDAD,

Plaintiff,

v.

FLORIDA DEPARTMENT OF
REVENUE, *et al*.,

Defendants.
_______________________________/

**OMNIBUS ORDER ON REPORT AND**
**RECOMMENDATIONS AND PENDING MOTIONS**

**THIS CAUSE** is before the Court upon Plaintiff Prince Trinidad's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [6] ("IFP Motion"), Emergency Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. [9] ("First Emergency Motion"), and Emergency Motion for Immediate Restraining Order based upon suspected retaliatory aerial surveillance, ECF No. [17] ("Second Emergency Motion"). The Motions were referred to Magistrate Judge Lauren Fleischer Louis for a Report and Recommendations. *See* ECF No. [22]. Magistrate Judge Louis issued a Report and Recommendations ("R&R"). ECF No. [28]. Plaintiff filed Objections. ECF No. [31]. The Court has conducted a *de novo* review of Judge Louis's R&R, Plaintiff's Objections, the record in this case, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons that follow, Plaintiff's Objections are overruled, the R&R is adopted in full, Plaintiff's Motions are denied, and the operative Complaint is dismissed without prejudice.

## I. BACKGROUND

Plaintiff Prince Trinidad filed his Complaint on July 13, 2026, alleging a "systematic, multi-party, and multi-agency" violation of Plaintiff's constitutional rights in connection with child support proceedings in Miami-Dade County. ECF No. [1]. Plaintiff filed a First Amended Complaint on July 16, 2026, ECF No. [5], and filed a Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [6]. Plaintiff thereafter filed a Second Amended Complaint, ECF No. [10], and filed Emergency Motions for Injunctive Relief. ECF Nos. [9], [17].

On August 19, 2026, Plaintiff's Motion for Case Reassignment was granted, and this matter was reassigned to this Court. ECF Nos. [18], [19]. The Court referred Plaintiff's Motions to Magistrate Judge Louis for a Report and Recommendations. ECF No. [22]. On September 10, 2026, Magistrate Judge Louis issued a Report & Recommendations ("R&R"), ECF No. [28], recommending that Plaintiff's IFP Motion be denied, his Second Amended Complaint be dismissed without prejudice because the Second Amended Complaint is a shotgun pleading, and "the facts discernably pled would implicate the *Younger* abstention doctrine." *Id.* at 5. The R&R recommends Plaintiff's First and Second Emergency Motions be denied because Plaintiff has not shown a substantial likelihood of success on his claims. *Id.* at 8-9.

Plaintiff filed Objections to the R&R, ECF No. [31], filed a Motion for Leave to File Fourth Amended Complaint, ECF No. [29], and filed a Fourth Amended Complaint, ECF No. [30], purporting to address the deficiencies identified in the R&R.

## II. LEGAL STANDARD

### A. Report and Recommendations

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings

and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

**B. Leave to File Amended Complaint**

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be

afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

## III. DISCUSSION

### A. Report and Recommendations

Upon review, the Court finds Judge Louis's R&R to be well reasoned and correct. First, Plaintiff does not dispute that the Second Amended Complaint was deficient because it improperly incorporated prior Complaints by reference. ECF No. [31] at 1.[1] Plaintiff argues that the Court should reject the recommendation of dismissal and that he be granted leave to file a Fourth Amended Complaint that contains all allegations in one self-contained document, identifies specific defendants for each claim, and eliminates any incorporation by reference. *Id.*

Plaintiff objects to the recommendation but does not object to the *conclusion* that the Second Amended Complaint is deficient. As such, Plaintiff's objection is overruled. The Court adopts the Court's reasoning in the R&R with the clarification that the Second Amended Complaint is dismissed without prejudice on *Younger* abstention grounds pursuant to § 1915(e) screening. *See Lagi v. Morris*, No. 16-11834, 2017 WL 11779490, at *1-2 (11th Cir. Jan. 31, 2017)

[1] Plaintiff notes that he filed a Motion for Leave to File Third Amended Complaint, ECF No. [16], but that the R&R treats the Second Amended Complaint as operative. ECF No. [31] at 2. Because Defendant's Motion for Leave to File was never granted, the R&R correctly treats the Second Amended Complaint as the operative Complaint.

(noting a court may *sua sponte* dismiss a complaint on *Younger* abstention grounds when screening a complaint under § 1915(e)). The Court addresses Plaintiff's request for leave to file a Fourth Amended Complaint below.

Second, Plaintiff objects to the R&R's conclusion that Plaintiff's claims fall within the core of *Younger* abstention because Plaintiff seeks to have the Court interfere with ongoing state child-support enforcement proceedings. ECF No. [31] at 2. Plaintiff argues that *Younger* does not apply where the state proceedings are motivated by bad faith or where there is no opportunity to raise federal claims. *Id.* Plaintiff points to the official call log produced by Miami-Dade Public Records ("TGK Call Log"),[2] which, he alleges, establishes that no telephonic hearing occurred on the date recorded by the Hearing Officer, Iris N. Sachs. *Id.* He argues that a fabricated hearing record is the paradigm of bad-faith proceedings and a clear due-process violation. *Id.* Plaintiff also contends that, because the record is false, he cannot meaningfully litigate the validity of the order. *Id.* Therefore, *Younger* does not apply because Plaintiff is not asking the Court to supervise routine child-support collection but instead to prevent further harm from enforcement of an order based on a false record. *Id.*

The Court agrees with the R&R's conclusion that the *Younger* abstention doctrine applies, and Plaintiff's conclusory allegations do not permit the Court to infer that an exception to the *Younger* abstention doctrine applies. *See* ECF No. [28] at 5, 6 n.1. The exceptions to the *Younger* abstention doctrine are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). It is plaintiff's burden to allege facts

[2] TGK refers to the Turner Guilford Knight Correctional Center.

sufficient to show an exception applies. *See Wood v. Frederick*, No. 21-12238, 2022 WL 1742953, at *6 (11th Cir. May 21, 2022). To show bad faith, the plaintiff "must make a 'substantial allegation' showing actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (quoting *Younger*, 401 U.S. at 48).

Although Plaintiff alleges that the state court fabricated a record regarding the July 6, 2026 telephonic hearing, Plaintiff's factual allegations do not support a finding of actual bad faith. The TGK Call Log shows one phone call between July 5, 2026, at 1:45 a.m. and July 6, 2026, at 12:45 p.m. *See* ECF No. [26].[3] Plaintiff does not provide the underlying court records, and the TGK Call Log does not reflect that no telephonic hearing took place on July 6, 2026, because the Second Amended Complaint does not specify the time the hearing allegedly took place.[4] At most, Plaintiff's representations reflect a mistaken court record rather than deliberate fabrication. *See Johnson v. Florida*, 32 F.4th 1092, 1101 (11th Cir. 2022) ("Mere errors or mistakes by the state trial court are not special circumstances which justify federal intervention." (citing *Duke v. State of Tex.*, 477 F.2d 244, 252 (5th Cir. 1973))).

Moreover, Plaintiff does not make a substantial allegation of actual bad faith as it appears that Plaintiff can be heard at an upcoming hearing on September 16, 2026, which the Second Amended Complaint describes as a "Reset on Pending Purge and Further Sanctions." ECF No. [10] at 6. Plaintiff challenges any enforcement based on the fabricated July 6, 2026 hearing record, but the order scheduling the hearing states that "[r]uling continues to be reserved on the underlying purge and sanctions," and the September 16, 2026 hearing will address the same void purge obligation that was the basis for Plaintiff's July 5, 2026, unlawful arrest and further sanction. *Id.*

---

[3] Plaintiff filed the TGK Call Log on September 3, 2026, after he received a response to his records request. *See* ECF No. [26].

[4] The Second Amended Complaint references a document printed on July 6, 2026, at 11:29:31 a.m., though it is unclear what that document is and how it may relate to the hearing. *See* ECF No. [10] at 4.

Plaintiff has not met his burden to show that an exception to *Younger* applies, and Plaintiff's objection to the conclusion that *Younger* applies is overruled.

Third, Plaintiff objects to the R&R's conclusion regarding the Emergency Motions. ECF No. [31] at 2. Plaintiff states his allegations are not conclusory where the TGK Call Log is an official record showing a fabricated court record. *Id.* The irreparable harm is not speculative because a state court hearing is set for September 16, 2026, during which further sanctions or collection may be ordered, implicating Plaintiff's finances and liberty. *Id.* Plaintiff contends that surveillance by a helicopter provides additional context of post-filing retaliation, not the sole basis for irreparable harm. *Id.*

The Court agrees with the R&R that Plaintiff has not shown a likelihood of success on the merits, and the alleged irreparable harm is speculative. As Plaintiff's Objections note, sanctions or collection *may* be ordered at the September 16, 2026 hearing. Plaintiff has the opportunity at that hearing to raise any objections and arguments prior to any sanctions being ordered. Moreover, the Court agrees with the R&R's conclusion that the *Younger* abstention doctrine applies and the Court declines to order injunctive relief that would interfere with the pending state court proceedings.

For the foregoing reasons, the Court agrees with the R&R's findings that Plaintiff's IFP Motion be denied, Plaintiff's Second Amended Complaint be dismissed without prejudice, and Plaintiff's First and Second Emergency Motions be denied. Therefore, the Court adopts Magistrate Judge Louis's analysis and recommendations in full. *See* ECF No. [28].

**B. Leave to File Fourth Amended Complaint**

Plaintiff's Motion for Leave to File Fourth Amended Complaint asks this Court for leave to file a Fourth Amended Complaint to address the deficiencies identified in Magistrate Judge Louis's R&R. ECF No. [29]. Plaintiff argues that he should be given at least one opportunity to

correct shotgun pleading deficiencies. *Id.* Plaintiff filed a Fourth Amended Complaint that purports to cure the deficiencies identified in the R&R because it does not incorporate any prior Complaint by reference, it narrows the Defendants, separates the claims into distinct counts, and centers on the core non-conclusory allegation supported by the TGK Call Log. *Id.* Plaintiff states his request for leave to amend is not made in bad faith, is not futile, and will not unduly prejudice Defendants. *Id.*

The Court concludes that the Fourth Amended Complaint is futile because the *Younger* abstention doctrine applies to bar Plaintiff's claims. As Magistrate Judge Louis's R&R concluded, which the Court adopts in full, Plaintiff's claims in the Second Amended Complaint "explicitly request that the Court disrupt pending state court proceedings related to Plaintiff's child support obligations . . . ." ECF No. [28]. Plaintiff's proposed Fourth Amended Complaint requests similar relief and seeks a declaratory judgment that an official record of a July 6, 2026 telephonic hearing in state court is fabricated and that enforcement based on that record violates due process. The Fourth Amended Complaint also seeks preliminary and permanent injunctive relief prohibiting Defendants from enforcing, collecting, or seeking sanctions against Plaintiff based on the fabricated July 6, 2026 hearing record. *See* ECF No. [30] at 3. As such, the relief Plaintiff seeks in the Fourth Amended Complaint falls neatly within Eleventh Circuit precedent that federal courts shall refrain from interfering in state court child-support proceedings. *See, e.g.*, *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) (noting several problems that would arise "if the federal district court were to arrogate to itself the role of overseer of [defendant County's] child support enforcement proceedings," and affirming denial of claims for equitable relief against individual defendant judges and state agency officials)); *Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020) (affirming dismissal of plaintiff's § 1983 suit filed in "an attempt to enjoin an

ongoing child custody dispute—a strictly state court civil proceeding"); *see also Raheem v. Dep't of Revenue CSE*, No. 18-cv-743, 2019 WL 13546156, at *11 (M.D. Fla. Aug. 16, 2019) ("[T]his Court has continued to apply *Younger* abstention to claims relating to child-support proceedings.") (citation omitted), *report and recommendation adopted*, 2019 WL 13546157 (M.D. Fla. Sept. 17, 2019).[5]

Plaintiff has not met his burden to show an exception to *Younger* applies, and the proposed Fourth Amended Complaint does not allege additional facts such that the Court could infer such an exception applies. Therefore, Plaintiff's proposed amendment is futile because it is subject to *Younger* abstention. Plaintiff's request for leave to file a Fourth Amended Complaint is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [31]**, is **OVERRULED**, and Magistrate Judge Louis's R&R, **ECF No. [28]**, is **ADOPTED in full**.
2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, **ECF No. [6]**, is **DENIED**.
3. Plaintiff's Second Amended Complaint, **ECF No. [10]**, is **DISMISSED without prejudice**.
4. Emergency Motion for Preliminary Injunction and Temporary Restraining Order, **ECF No. [9]**, is **DENIED**.
5. Plaintiff's Emergency Motion for Immediate Restraining Order based upon suspected retaliatory aerial surveillance, **ECF No. [17]**, is **DENIED**.

[5] The R&R cited these cases to conclude that the *Younger* abstention doctrine applies to the Second Amended Complaint. *See* ECF No. [28] at 5-6.

6. Plaintiff's Third Emergency Supplemental Notice of Escalating Pattern of Post-Filing Enforcement Violations and Renewed Urgent Request for Immediate Ruling on Pending Emergency TRO Motion, **ECF No. [25]**, is **DENIED as moot**.

7. Plaintiff's Motion for Leave to File Third Amended Complaint, **ECF No. [16]**, is **DENIED as moot**.

8. Plaintiff's Motion for Leave to File Fourth Amended Complaint, **ECF No. [29]**, is **DENIED**.

9. Plaintiff's Fourth Amended Complaint, **ECF No. [30]**, is **STRICKEN**.[6]

10. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

11. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Prince A Trinidad
4236 NW 6th Street
Miami, FL 33126
Email: ptrinidad630@hotmail.com
PRO SE

[6] The Fourth Amended Complaint was erroneously entered on the docket as a separate filing, not as an exhibit to the Motion. Because the Motion is denied, the Fourth Amended Complaint must be stricken.